IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DONNIE EUGENE MILLS, #2287381 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv154 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner filed a "Motion for Mandamus" asking that this Court "command" the state trial court judge to provide him with pretrial and trial transcripts. (Dkt. # 5). Petitioner's motion is construed as a petition for a writ of mandamus. *See Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (holding that mandamus is used "only to compel the performance of a clear, nondiscretionary duty"); *see also Wilkerson v. Dallas Cnty. Dist. Cts.*, Cause No. 3:17-cv-2436, 2017 WL 5054562 (N.D. Tex. Oct. 10, 2017) (explaining that an inmate's motion to compel state courts to rule on post-conviction motions in his state criminal cases is construed as a petition for writ of mandamus).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Federal courts must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). To that end, federal courts have a "continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The court may *sua sponte* raise jurisdictional issues at any time. *Id.* Federal courts must dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction

over the subject matter. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see also Hunnel v. Dir.*, TDCJ-CID, No. 4:21CV010, 2021 WL 4859927, at *2 (E.D. Tex. Aug. 11, 2021), *report and recommendation adopted*, No. 4:21CV10, 2021 WL 4844806 (E.D. Tex. Oct. 18, 2021).

The only federal statute concerning the authority of federal courts to issue writs of mandamus is 28 U.S.C. § 1361. The statute specifically provides that federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275-76. *See also Cross v. Texas*, 508 F. App'x 290, 291 (5th Cir. 2013) (federal district court lacked the authority to compel the state appellate court to loan the petitioner the desired records); *Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) (federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents). Here, Petitioner seeks to have the Court compel a state court judge to provide pretrial and trial transcripts. Existing precedent does not support Petitioner's request. This Court lacks jurisdiction to entertain Petitioner's request for relief.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner's "Motion for Mandamus" or petition for a writ of mandamus (Dkt. # 5) be denied.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 23rd day of March, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE