IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DONNIE EUGENE MILLS, #2287381 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:22cv154 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### CONCERNING PETITIONER'S WRIT OF MANDAMUS

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Magistrate Judge issued a Report and Recommendation (Dkt. # 10), which contains proposed findings of fact and recommendations for the disposition of Petitioner's "Motion for Mandamus," which was construed as a writ of mandamus (Dkt. # 5). Petitioner filed a "Letter Brief" (Dkt. # 12), but it does not outline any objections to the Report and Recommendation.[1]

In his writ of mandamus, Petitioner asks the Court to order a state trial court judge to provide him with pretrial and trial transcripts. The Magistrate Judge was correct in her assessment that the relief Petitioner seeks would be considered mandamus relief. She was also correct in determining that the Court lacks jurisdiction to entertain Petitioner's request for relief. Under 28 U.S.C. § 1361, federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, a federal district court is not authorized to direct state courts and their judicial officers in the performance of their duties. *Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see also Emerson v. Owens*, 472 F.

---

[1] The Court notes that Petitioner's "Letter Brief" contains allegations concern civil rights violations. The proper method of pursuing civil rights issue is to file a petition pursuant to 42 U.S.C § 1983. Issues concerning a conviction are properly brought pursuant to 28 U.S.C. § 2254.

App'x 308 (5th Cir. 2012) (a federal district court is not authorized to grant relief in the nature of mandamus relief to direct state officials in the performance of their duties and functions). For example, federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents. *Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009); *Nabelek v. Cockrell*, 61 F. App'x 120 (5th Cir. 2003). Petitioner's mandamus therefore must be dismissed.

The Court concludes that the findings and conclusions in the Report and Recommendation are correct and adopts the same as the findings and conclusions of this Court.

It is accordingly **ORDERED** that Petitioner's "Motion for Mandamus," construed as a writ of mandamus (Dkt. # 5), is **DISMISSED** for lack of jurisdiction.

**So ORDERED and SIGNED this 18th day of May, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE