IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DONNIE EUGENE MILLS, #2287381 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv154 |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro Se* Petitioner Donnie Eugene Mills filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the cases pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. MOTION FOR DEFAULT JUDGMENT**

Petitioner has filed a second motion for default judgment.[1] (Dkt. #42). Petitioner argues that he is entitled to default judgment and immediate release because Respondent "has not met (2) two Court Orders." (Dkt. #42, p. 1). Although unclear, Petitioner then appears to allege that Respondent did not timely file its Response with the Court or timely send its Response to Petitioner. A default judgment is not a proper remedy when a state fails to file a response or present an affirmative defense against raised issues. *Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985); *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974); *Hale v. Lockhart*, 903 F.2d 545, 547 (8th Cir. 1990). A default judgment is inappropriate even when a state inexcusably disregards a district court's orders to respond to a petition. *Bermudez v. Reid*, 733 F.2d

---

[1] Plaintiff's first motion for default judgment (Dkt. #29) was denied. (Dkt. ##31, 45).

1

18 (2d Cir. 1984), *cert. denied*, 469 U.S. 874 (1984). To hold otherwise would improperly place the burden of default on the community at large. *Scott*, 507 F.2d at 924. A default judgment is not available under these circumstances.

Moreover, as the Court has already once noted (Dkt. #31), on May 16, 2022, the show cause order (Dkt. #19) issued, giving Respondent sixty days to file its response. On July 15, 2022, Respondent filed a motion for extension of time in which to file its response. (Dkt. #25). On July 19, 2022, the Court granted Respondent's motion and ordered Respondent to file its response no later than August 15, 2022. (Dkt. #26). Respondent filed its response (Dkt. #27) on August 12, 2022, and the state court records (Dkt. #28) on August 16, 2022. Accordingly, even if a default judgment was a proper remedy in this situation, Respondent timely filed its response.

## II. RECOMMENDATION

It is accordingly recommended that the motion for default judgment (Dkt. #42) be **DENIED**.[2]

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[2] Petitioner has also filed a response (Dkt. ##40; 41) to the Court's Order (Dkt. #37) denying his motion for appointment of counsel and correspondence (Dkt. #43) to the Court. To the extent Petitioner seeks relief as a result of alleged mistreatment and inhumane conditions while incarcerated at the Beto and Telford Units, the proper remedy is to file a civil rights complaint under 42 U.S.C. § 1983.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE